| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| COUNTY OF IREDELL | 24 CVS 3562 |

```
CARLOS WESTMORELAND    )
                       )
        Plaintiff,     )
                       )
v.                     )    COMPLAINT
                       )
TOWN OF MOORESVILLE    )
                       )
                       )
                       )
        Defendant.     )
                       )
```

Plaintiff, requesting a jury trial, alleges the following against the Defendant.

## INTRODUCTION AND JURISDICTION

1. This is an action for race discrimination and retaliation under 42 U.S.C. § 2000, et. seq. and for attorney fees pursuant to 42 U.S.C. § 1988. In addition, Plaintiff was wrongfully terminated in violation of the public policy of North Carolina and N.C.G.S. §143-422 et seq., known as the North Carolina Equal Employment Practices Act and for violations of 42 U.S.C. § 1983. Plaintiff contends that he has been subjected to discrimination in the workplace and has been unlawfully terminated on account of his race for protected activity in protesting conditions of his employment.

2. Plaintiff is a citizen and resident of Iredell County.

3. Plaintiff exhausted his any administrative remedies under the provisions of Title VII regarding Plaintiff's discrimination claims under 42 U.S.C. § 2000.

4. This Court has concurrent jurisdiction over the federal claims under 42 U.S.C. § 1988, and over all the claims under Chapter 7A of the General Statutes and under the state constitution.

**PARTIES**

5. Plaintiff is an African American citizen and resident of Iredell County, North Carolina

6. Defendant Town of Mooresville (hereinafter "Town" or "Defendant Town") is a municipal corporation organized under the laws of the State of North Carolina and maintains an office and does business in Iredell County, North Carolina.

**FACTS**

7. Plaintiff was employed for Defendant Town, approximately eighteen (18) years prior to his wrongful termination.

8. During the time Plaintiff was employed with Defendant, he never received any negative reviews, write ups or suffered any incidents of poor job performance.

9. Plaintiff was employed by the Defendant Town in the Water Department as a Locator. During the course of employment he experienced discriminatory treatment and retaliation on the basis of his race, African American.

10. Plaintiff was subjected to discriminatory treatment in the terms and conditions of his employment. Caucasian workers were given more favorable treatment in the types of work that they were required to do. Caucasian workers with less time on the job and less experience received more favorable treatment.

11. Plaintiff had a problem with a Caucasian supervisor named Jamie Johnson who expressed issues with the work he was performing. Plaintiff indicated to him that he was discriminating against him due to his race.

12. The Plaintiff complained to the Human Resources representative named Tiffany and made a complaint about the situation. She indicated that she would follow up. He expressed concern that Jamie Johnson would retaliate against him for raising these issues.

13. Later Plaintiff signed up for classes as part of his job training and Jamie Johnson did not send in his training request which Plaintiff believe was done in retaliation for his complaint.

14. Later, Plaintiff was harassed and retaliated against by Jamie Johnson due to him following the Plaintiff around and tracking his whereabouts on the GPS system.

15. The department had a Locating Position available that Plaintiff expressed interest in this role. He had more experience than anyone else there and was the only person of color in the department. Another person (Caucasian male) in the Sanitation Department was telling others that he would be getting the job two months before the job was posted.

16. On August 2, 2022 Plaintiff was called into Jamie Johnson's office. He instructed Plaintiff to shut the door. He proceeded to tell Plaintiff that he would not be interviewing him because of the number of mistakes he made.

17. Plaintiff expressed his disagreement with him and based on his experience he should have gotten an interview. Only two people were interviewed, both Caucasian. The job was given to the Caucasian male from Sanitation.

18. After this exchange, Jamie Johnson asked Plaintiff to turn in his badge, credit card and keys and to get his things out of the truck.

19. Plaintiff spoke to Vincent in Human Resources and he indicated that he would look into the matter, but he never contacted the Plaintiff.

20. The Plaintiff was discriminated against due to his race and retaliated against for complaining about the discriminatory treatment he received.

## FIRST CAUSE OF ACTION
### (Age, Color, and Race Discrimination – 42 U.S.C. § 2000| Title VII)

21. The allegations set forth in Paragraphs 1 through 20 are re-alleged and incorporated by reference as if fully set forth herein.

22. Plaintiff is an African American male and in a class of protected employees. He has performed his job at a very high level when he was wrongfully terminated for complaining about discriminatory treatment while engaged in his work. In addition, Plaintiff was terminated for engaging in conduct like similarly situated Caucasian employees but was terminated unlike the Caucasian employees who were not terminated.

23. Defendant terminated Plaintiff based on false accusations of not completing tasks or not being at work when he was on numerous occasions. Caucasian employees were not treated in a similar fashion but engaged in similar conduct but were not terminated.

24. Defendant subjected Plaintiff to disparate treatment and discipline because of his race. Defendant has retained Caucasian employees, whose conduct has been much more egregious than such conduct it claims Plaintiff has engaged in.

25. Plaintiff seeks relief from this discriminatory conduct in the form of back pay, future wages and for compensatory damages pursuant to 42 U.S.C. § 2000 and for compensatory damages and for injuries he had suffered as a result of being wrongfully terminated. Plaintiff is also seeking an award of punitive damages pursuant to his claims as allowed under law.

26. Plaintiff also seeks reasonable attorney's fees under 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
## (Retaliation based on Age, Color and Race – 42 U.S.C. § 2000, et. seq.)

27. The allegations set forth in Paragraphs 1 through 26 are re-alleged and incorporated by reference as if fully set forth herein.

28. Plaintiff is an African American male and in a class of protected employees. He has performed his job at a very high level when he was wrongfully terminated for engaging in conduct like similarly situated Caucasian employees but was terminated unlike the Caucasian employees who were not terminated.

29. Plaintiff is African American, and he raised concerns and made complaints and raised charges of age, race discrimination and disparate treatment by the Defendant. Upon raising these issues with the Defendant, he was terminated in violation of the statutes mentioned.

30. Plaintiff has performed his job at the highest level despite the retaliation and was summarily terminated for exercising his rights under the law.

31. Defendant by and through its agents and managers, allowed similarly situated employees to receive training and support in order to perform their jobs, but did not accommodate the Plaintiff in the same fashion. This differential treatment based upon the perception of a disability was a causal link in the decision to terminate his employment.

32. The reason Defendant gave for the decision to terminate him was a pretext for discrimination and retaliation.

33. Plaintiff seeks relief from this discriminatory conduct in the form of back pay, future wages and for compensatory damages pursuant to 42 U.S.C. § 2000 and 42 U.S.C. § 1981 for injuries he suffered as a result of being wrongfully terminated. Plaintiff is also seeking an award of punitive damages pursuant to his Title VII claims as allowed under law

46. Plaintiff also seeks reasonable attorney's fees under 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF
### (Wrongful Termination in Violation of Public Policy of North Carolina)

47. The allegations set forth in Paragraphs 1 through 46 are re-alleged and incorporated by reference as if fully set forth herein.

48. Plaintiff was treated differently than similarly situated employees during the course of his employment with Defendant. Defendant was aware of Plaintiff's complaints of discriminatory and harassing treatment and still required and forced him to work under conditions that different than similarly situated Caucasian employees.

49. Plaintiff was treated differently than similarly situated Caucasian employees during the course of his employment with Defendant. Defendant allowed Caucasian employees certain privileges and opportunities not afforded to the Plaintiff, while denying the Plaintiff the same rights and privileges provided to the Caucasian employee.

50. Following Plaintiff's complaints, he was terminated from his employment in violation of the public policy of the State of North Carolina.

51. Plaintiff seeks relief from this discriminatory conduct in the form of back pay, future wages and for compensatory damages, punitive damages and attorney fees.

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 2000 - Punitive Damages

52. The allegations set forth in Paragraphs 1 through 50 are re-alleged and incorporated by reference as if fully set forth herein.

53. The Defendant engaged in unlawful discrimination against the Plaintiff that was intentional. The Defendant terminated the Plaintiff for raising concerns of discrimination and due to violations of Title VII.

6

EXHIBIT 1

54. The Defendant discriminated with malice or reckless indifference to the Plaintiff's federally protected rights. The Defendant was aware of Plaintiff exercising his rights and terminated his employment, nonetheless, disregarding his rights under federal law.

55. Pursuant to 42 U.S.C. § 2000 Plaintiff contends that punitive damages are required to punish Defendant for their wrongful acts and to deter Defendant and others from committing similar wrongful acts.

56. Defendant acted intentionally, maliciously, willfully, wantonly and in reckless disregard for the rights of Plaintiff by aggressively and discriminating against Plaintiff through the specific actions described above.

## FIFTH CAUSE OF ACTION
### (Race Discrimination – N.C.G.S. § 143.422 et seq.)
### Equal Employment Practices Act

57. The allegations set forth in Paragraphs 1 through 56 are re-alleged and incorporated by reference as if fully set forth herein.

58. Plaintiff is an African American male and in a class of protected employees. He has performed his job at a very high level when he was wrongfully terminated for engaging in conduct like similarly situated Caucasian employees but was terminated unlike the Caucasian employees who were not terminated.

59. Defendant terminated Plaintiff based on false accusations of not completing tasks or not being at work when he was on numerous occasions. Caucasian employees were not treated in a similar fashion but engaged in similar conduct but were not terminated.

7

60. Defendant subjected Plaintiff to disparate treatment and discipline because of his race. Defendant has retained Caucasian employees, whose conduct has been much more egregious than such conduct it claims Plaintiff has engaged in.

61. Plaintiff seeks relief from this discriminatory conduct in the form of back pay, future wages and for compensatory damages, punitive damages and attorney fees.

## SIXTH CAUSE OF ACTION
### (For Discrimination under 42 U.S.C. § 1983)

62. Plaintiff incorporates all prior paragraphs by reference.

63. Under the Due Process Clause of the Fourteenth Amendment, Plaintiff had the right to be free from malicious intentional conduct at the hands of agents of the Town of Mooresville.

64. Defendant at all times relevant to this action acted under color of state law.

65. Defendant Town unlawfully deprived Plaintiff of his property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

66. Defendant Town violated Plaintiff's property rights in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

67. In order to state a § 1983 claim for deprivation of property without due process, Plaintiff must, as he has, show that he has a constitutionally protected property interest, and that he has been deprived of that interest by state action. The property at issue pertains to Plaintiff's continued employment, which the Defendants had assured him of, but subsequently reneged on due to Plaintiff's race.

68. Plaintiff possessed a property interest in his continued employment because he had more than an abstract need, desire or a unilateral expectation of it; Richardson had a legitimate claim of entitlement to the continued employment because of his performance.

69. As a direct and proximate result of Defendant Town's discriminatory acts described above, Plaintiff has suffered and continues to suffer irreparable injury and substantial losses, including lost earnings and other employment benefits, and is entitled to monetary and compensatory damages for, among other things, mental anguish, emotional distress and humiliation, stress and anxiety, physical illness, emotional pain and suffering, severe and lasting embarrassment, loss of reputation, and other compensable damage, and will continue to do so unless and until this Court grants relief.

70. Defendant Town acted with malice and/or reckless disregard of Plaintiff's property rights and privileges as protected by federal law, and as such, should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

71. Defendant Town not only failed to promote Plaintiff, as he deserved, but terminated him and denied him the ability to enhance his career or otherwise succeed.

72. Moreover, during his employment Defendant Town subjected him to a hostile work environment and disparate treatment.

73. No other similarly situated and qualified Caucasian employees were treated like Plaintiff nor were any terminated without cause.

74. Defendants acted intentionally, negligently, and in bad faith. Defendants' actions were unreasonable and motivated solely by their interest in discriminating against Plaintiff on the basis of his age, race and color.

75. As a direct result of Defendant Town's discriminatory actions, Plaintiff has suffered injury and harm.

76. Plaintiff is informed and believes that he is entitled to a judgment against Defendant Town for compensatory damages, interest, costs, and attorneys' fees.

77. Plaintiff also seeks attorney's fees under 42 U.S.C. §1988.

## JURY DEMAND

Plaintiff demands that all matters be tried before a jury of his peers.

## PRAYER FOR RELIEF

Upon the trial of this matter, Plaintiff prays that the Court enter Judgment for him and award the following relief:

1. Award compensation for lost wages;
2. Award compensation for future wages;
3. Compensatory damages;
4. Punitive damages;
5. The costs of this action, including reasonable attorney's fees under 42 U.S.C. § 1988;
6. For a trial by jury on all claims so triable; and

Any further the relief the Court deems just and necessary.

Respectfully submitted this 25th day of November 2024

           THE MONTGOMERY LAW FIRM, PLLC
           BY: _____
           ERIC A. MONTGOMERY, NC Bar No. 38951
           *Attorney for Plaintiff*
           6135 Park South Drive, Suite 510
           Charlotte, North Carolina 28210
           Telephone:   (704) 749-3135
           Facsimile:    (704) 749-3136
           E-mail:       eric@themlawfirm.com